UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROMEL MARCUS,

                       Plaintiff,                   **MEMORANDUM AND ORDER**

              -against-                        07-CV-1810 (DLI)

**CITY OF NEW YORK, et al.,**

                       Defendants.
-----------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of plaintiff's letter opposing the City defendants' motion to compel, which letter was electronically filed after the close of business on July 20, 2007. As the Court had already granted the City defendants' request earlier that day, plaintiff's letter will be treated as a motion for reconsideration. See 7/20/07 Endorsed Order. Having reconsidered the defense motion, the Court adheres to its earlier order, except that plaintiff's time to produce executed authorizations is extended to July 30, 2007.

      As an initial matter, plaintiff unfairly faults defendants for having allegedly moved *ex parte* for an extension of time in May 2007 and for having failed to serve plaintiff with a copy of this Court's Endorsed Order of May 25, 2007.[1] See 7/20/07 Letter at 1, 2, and attachment thereto at 1. However, plaintiff was served with both the application and order via the Electronic Case Filing ("ECF") system, which is mandatory in this district.[2]

---

[1] Plaintiff erroneously refers to the date of the earlier order as "6/26/07." Plaintiff's Letter to the Court dated July 20, 2007 ("7/20/07 Letter") at 1, 2.

[2] Although plaintiff's counsel suggests that ECF "was not working properly" (7/20/07 Letter
                                                                                               (continued…)

Secondly, the fact that plaintiff may have testified at a 50-h hearing does not disentitle the defendants to the authorizations sought.

Thirdly, affording the City defendants additional time to respond to the complaint will not delay the case in any way, inasmuch as plaintiff seeks a court conference in September and that request is hereby granted. See initial conference scheduling order, attached.

Finally, particularly given plaintiff's lack of compliance with the Court's Endorsed Order of 5/25/07, plaintiff's agreement to voluntarily produce the executed authorizations is no substitute for a compulsion order. The Court will, however, give plaintiff until July 30, 2007 to serve the authorizations.

Plaintiff has cross-moved for an order directing the City defendants "to identify their police officers, . . . and deem them served . . . ." 7/20/07 Letter at 2. The Court will not "deem them served," as it is not even clear whether the City will be representing the individual defendants. See 5/25/07 Letter to the Court at 2. With respect to the identification of the individual officers, the Court directs the City defendants (1) to notify plaintiff's counsel, by July 27, 2007, of the full name of, and appropriate location for service of process on, Officer Best; and (2) to serve their automatic disclosure by September 6, 2007.[3] At the September

---

[2](…continued)
at 1), the Court's electronic records reflect that the Endorsed Order of 5/25/07 was electronically sent to plaintiff's counsel the day it issued.

[3] Plaintiff shall likewise serve his automatic disclosure by September 6, 2007.

18th initial conference, the Court will set a deadline for amending the pleadings and joining additional parties as of right.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**July 23, 2007**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**