UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ROMEL MARCUS,

                                    Plaintiff,          **ANSWER TO AMENDED
                                                        COMPLAINT**

                         -against-
                                                        **07 CV 1810 (DLI)(RLM)**
                                                        JURY TRIAL DEMANDED
THE CITY OF NEW YORK, THE NEW YORK
CITY HEALTH AND HOSPITALS
CORPORTAION [NYCHHC], NYCHHC POLICE
OFFICER [NYCHHC P.O.] CASSIUS BEST,
NYCHHC P.O. ALFONSO ANGUS, NYCHHC
P.O. REGINAL MASSEY, NYCHHC P.O.
TRAYVONNE MAXWELL, NYCHHC P.O.
CECILIO NEMBHARD, NYCHHC P.O.
STEPHEN HAMILTON, NYCHHC P.O. JORDAN
SMITH BEY, NYCHHC P.O. VIVIAN TAYLOR,
NYCHHC P.O. DEAN ADAMS, NYCHHC P.O.
"JENKINS," NYCHHC LIEUTENANT VALMON
DAWSON, NYCHHC SERGEANT KEVIN
FLUNORY, NYCHHC POLICE PERSONNEL
JOHN DOES 1-5, SO NAMED AS THEIR
IDENTITIES HAVE YET YO BE
ESTABLISHED, NEW YORK CITY POLICE
OFFICER JANE DOE, SO NAMED AS HER
IDENTITY HAS YET TO BE ESTABLISHED,

                                    Defendants.

------------------------------------------------------------------------ x

        Defendants City of New York, New York City Health and Hospitals Corporation

and Cassius Best, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of

New York, for their answer to the amended complaint ("complaint"), respectfully allege, upon

information and belief, as follows:[1]

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as
"NYCHHC P.O. ALFONSO ANGUS," "NYCHHC P.O. REGINAL MASSEY," "NYCHHC P.O.
TRAYVONNE MAXWELL," "NYCHHC P.O. CECILIO NEMBHARD," "NYCHHC P.O. STEPHEN
HAMILTON," "NYCHHC P.O. JORDAN SMITH BEY," "NYCHHC P.O. VIVIAN TAYLOR,"
"NYCHHC P.O. DEAN ADAMS," "NYCHHC P.O. 'JENKINS,'" "NYCHHC LIEUTENANT
VALMON DAWSON," and "NYCHHC SERGEANT KEVIN FLUNORY" have not been served with
process.  Thus, they are not parties to this action.

1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2.   Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff had until February 11, 2008, to amend the complaint and join additional parties in the action.

3.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4.   Deny the allegations set forth in paragraph "4" of the complaint.

5.   Deny the allegations set forth in paragraph "5" of the complaint.

6.   Deny the allegations set forth in paragraph "6" of the complaint.

7.   Deny the allegations set forth in paragraph "7" of the complaint.

8.   Deny the allegations set forth in paragraph "8" of the complaint.

9.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.  Deny the allegations set forth in paragraph "10" of the complaint.

11.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.  Deny the allegations set forth in paragraph "12" of the complaint.

13.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.  Deny the allegations set forth in paragraph "14" of the complaint.

15.  Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that Kings County Medical Center is operated by the New York City Health and Hospitals Corporation.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that defendant Cassius Best is employed as a police officer by the New York City Health and Hospitals Corporation.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that Alfonso Angus was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that Cecilio Nembhard was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that Stephen Hamilton was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that Reginal Massey was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that Trayvonne Maxwell was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that Jordan Smith Bey was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that Vivian Taylor was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that Dean Adams was employed as a police officer by the New York City Health and Hospitals Corporation on June 24, 2005.

31. Deny the allegations set forth in paragraph "31" of the complaint, except deny knowledge or information sufficient to form a belief as to the identity of the individual identified as "NYCHHC Police Officer 'Jenkins.'"

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that Valmon Dawson was employed by the New York City Health and Hospitals Corporation on June 24, 2005 and held the rank of police lieutenant.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that Kevin Flunory was employed by the New York City Health and Hospitals Corporation on June 24, 2005 and held the rank of police sergeant.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint .

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. The allegation set forth in paragraph "36" of the complaint is not an averment to which a response is required.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Comptroller's office on or about September 22, 2005.

39. Deny the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was examined pursuant to Municipal Law § 50-h on or about April 18, 2006.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. The allegations set forth in paragraph "44" of the complaint set forth conclusions of law rather than averments of fact and, accordingly, no response is required.

45. The allegations set forth in paragraph "45" of the complaint set forth conclusions of law rather than averments of fact and, accordingly, no response is required.

46. The allegations set forth in paragraph "46" of the complaint set forth conclusions of law rather than averments of fact and, accordingly, no response is required.

47. The allegations set forth in paragraph "47" of the complaint set forth conclusions of law rather than averments of fact and, accordingly, no response is required.

48. The allegations set forth in paragraph "48" of the complaint set forth conclusions of law rather than averments of fact and, accordingly, no response is required.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint, except admit that the New York City Health and Hospitals Corporation operates Kings County Medical Center.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint, except admit that plaintiff's cellular phone was confiscated.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    Deny the allegations set forth in paragraph "101" of the complaint.

102.    Deny the allegations set forth in paragraph "102" of the complaint.

103.    Deny the allegations set forth in paragraph "103" of the complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the complaint.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

106.    Deny the allegations set forth in paragraph "106" of the complaint.

107.    Deny the allegations set forth in paragraph "107" of the complaint.

108.    Deny the allegations set forth in paragraph "108" of the complaint.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny the allegations set forth in paragraph "110" of the complaint.

111.    Deny the allegations set forth in paragraph "111" of the complaint.

112.    Deny the allegations set forth in paragraph "112" of the complaint.

113.    Deny the allegations set forth in paragraph "113" of the complaint.

114.    Deny the allegations set forth in paragraph "114" of the complaint.

115.    Deny the allegations set forth in paragraph "115" of the complaint.

116.    Deny the allegations set forth in paragraph "116" of the complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the complaint.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint.

121.     Deny the allegations set forth in paragraph "121" of the complaint.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the complaint.

123.     Deny the allegations set forth in paragraph "123" of the complaint.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the complaint.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the complaint.

127.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the complaint.

128.     Deny the allegations set forth in paragraph "128" of the complaint.

129.     Deny the allegations set forth in paragraph "129" of the complaint.

130.     Deny the allegations set forth in paragraph "130" of the complaint.

131.     Deny the allegations set forth in paragraph "131" of the complaint.

132.     Deny the allegations set forth in paragraph "132" of the complaint.

133.     Deny the allegations set forth in paragraph "133" of the complaint.

134.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the complaint.

135.     Deny the allegations set forth in paragraph "135" of the complaint.

136.    Deny the allegations set forth in paragraph "136" of the complaint.

137.    Deny the allegations set forth in paragraph "137" of the complaint.

138.    Deny the allegations set forth in paragraph "138" of the complaint.

139.    Deny the allegations set forth in paragraph "139" of the complaint.

140.    Deny the allegations set forth in paragraph "140" of the complaint, except deny knowledge or information sufficient to form a belief as to allegations pertaining to plaintiff's criminal prosecution.

141.    Deny the allegations set forth in paragraph "141" of the complaint, except deny knowledge or information sufficient to form a belief as to allegations pertaining to plaintiff's criminal prosecution.

142.    Deny the allegations set forth in paragraph "142" of the complaint.

143.    Deny the allegations set forth in paragraph "143" of the complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint.

146.    Deny the allegations set forth in paragraph "146" of the complaint.

147.    Deny the allegations set forth in paragraph "147" of the complaint.

148.    Deny the allegations set forth in paragraph "148" of the complaint.

149.    Deny the allegations set forth in paragraph "149" of the complaint.

150.    Deny the allegations set forth in paragraph "150" of the complaint.

151.    Deny the allegations set forth in paragraph "151" of the complaint.

152.    Deny the allegations set forth in paragraph "152" of the complaint.

153.    Deny the allegations set forth in paragraph "153" of the complaint.

154.    Deny the allegations set forth in paragraph "154" of the complaint.

155.    Deny the allegations set forth in paragraph "155" of the complaint.

156.    Deny the allegations set forth in paragraph "156" of the complaint.

157.    Deny the allegations set forth in paragraph "157" of the complaint.

158.    Deny the allegations set forth in paragraph "158" of the complaint.

159.    Deny the allegations set forth in paragraph "159" of the complaint.

160.    Deny the allegations set forth in paragraph "160" of the complaint.

161.    Deny the allegations set forth in paragraph "161" of the complaint.

162.    Deny the allegations set forth in paragraph "162" of the complaint.

163.    Deny the allegations set forth in paragraph "163" of the complaint.

164.    Deny the allegations set forth in paragraph "164" of the complaint.

165.    Deny the allegations set forth in paragraph "165" of the complaint.

166.    Deny the allegations set forth in paragraph "166" of the complaint.

167.    Deny the allegations set forth in paragraph "167" of the complaint.

168.    The allegations set forth in paragraph "169" of the complaint set forth conclusions of law rather than averments of fact and, accordingly, no response is required.

169.    Deny the allegations set forth in paragraph "169" of the complaint.

170.    Deny the allegations set forth in paragraph "170" of the complaint.

171.    Deny the allegations set forth in paragraph "171" of the complaint.

172.    Deny the allegations set forth in paragraph "172" of the complaint.

173.    Deny the allegations set forth in paragraph "173" of the complaint.

174.    Deny the allegations set forth in paragraph "174" of the complaint.

175. Deny the allegations set forth in paragraph "175" of the complaint, except admit that Kings County Medical Center is operated by the New York City Health and Hospitals Corporation.

176. Deny the allegations set forth in paragraph "176" of the complaint.

177. In response to the allegations set forth in paragraph "177" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

178. Deny the allegations set forth in paragraph "178" of the complaint.

179. Deny the allegations set forth in paragraph "179" of the complaint.

180. Deny the allegations set forth in paragraph "180" of the complaint.

181. Deny the allegations set forth in paragraph "181" of the complaint.

182. In response to the allegations set forth in paragraph "182" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

183. Deny the allegations set forth in paragraph "183" of the complaint.

184. Deny the allegations set forth in paragraph "184" of the complaint.

185. Deny the allegations set forth in paragraph "185" of the complaint.

186. In response to the allegations set forth in paragraph "186" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

187. Deny the allegations set forth in paragraph "187" of the complaint.

188. Deny the allegations set forth in paragraph "188" of the complaint.

189. Deny the allegations set forth in paragraph "189" of the complaint.

190.     In response to the allegations set forth in paragraph "190" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

191.     Deny the allegations set forth in paragraph "191" of the complaint.

192.     Deny the allegations set forth in paragraph "192" of the complaint.

193.     Deny the allegations set forth in paragraph "193" of the complaint.

194.     In response to the allegations set forth in paragraph "194" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

195.     Deny the allegations set forth in paragraph "195" of the complaint.

196.     Deny the allegations set forth in paragraph "196" of the complaint.

197.     Deny the allegations set forth in paragraph "197" of the complaint.

198.     In response to the allegations set forth in paragraph "198" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

199.     Deny the allegations set forth in paragraph "199" of the complaint.

200.     Deny the allegations set forth in paragraph "200" of the complaint.

201.     Deny the allegations set forth in paragraph "201" of the complaint.

202.     In response to the allegations set forth in paragraph "202" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

203.     Deny the allegations set forth in paragraph "203" of the complaint.

204.     Deny the allegations set forth in paragraph "204" of the complaint.

205.    Deny the allegations set forth in paragraph "205" of the complaint.

206.    In response to the allegations set forth in paragraph "206" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

207.    Deny the allegations set forth in paragraph "207" of the complaint.

208.    Deny the allegations set forth in paragraph "208" of the complaint.

209.    Deny the allegations set forth in paragraph "209" of the complaint.

210.    In response to the allegations set forth in paragraph "210" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

211.    Deny the allegations set forth in paragraph "211" of the complaint.

212.    Deny the allegations set forth in paragraph "212" of the complaint.

213.    Deny the allegations set forth in paragraph "213" of the complaint.

214.    In response to the allegations set forth in paragraph "214" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

215.    Deny the allegations set forth in paragraph "215" of the complaint.

216.    Deny the allegations set forth in paragraph "216" of the complaint.

217.    In response to the allegations set forth in paragraph "217" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

218.    Deny the allegations set forth in paragraph "218" of the complaint.

219.    In response to the allegations set forth in paragraph "219" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

220.    Deny the allegations set forth in paragraph "220" of the complaint.

221.    In response to the allegations set forth in paragraph "221" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

222.    Deny the allegations set forth in paragraph "222" of the complaint.

223.    In response to the allegations set forth in paragraph "223" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

224.    Deny the allegations set forth in paragraph "224" of the complaint.

225.    In response to the allegations set forth in paragraph "225" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

226.    Deny the allegations set forth in paragraph "226" of the complaint.

227.    In response to the allegations set forth in paragraph "227" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

228.    Deny the allegations set forth in paragraph "228" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

229.    The complaint fails to state a claim upon which relief can be granted.

- 17 -

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

230.   Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

231.   Defendant Best has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

232.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

233.   At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

234.   Plaintiff provoked the incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

235.   There was probable cause for the plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

236.   Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

237.    At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendants City of New York and New York City Health and Hospitals Corporation are entitled to governmental immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

238.    Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

239.    Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

240.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, New York City Health and Hospitals Corporation and Cassius Best request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 25, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City of New York, New York City Health and Hospitals Corporation and Best*
                                        100 Church Street, Room 3-193
                                        New York, New York 10007
                                        (212) 788-1816


                                        By:    _____/s/_____

                                               Gabriel P. Harvis (GH 2772)
                                               Assistant Corporation Counsel



TO:    Ravi Batra, Esq. (by ECF)
       *Attorney for Plaintiff*
       142 Lexington Avenue
       New York, New York 10016

Index No. 07 CV 1810 (DLI)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROMEL MARCUS,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY HEALTH AND
HOSPITALS CORPORTAION [NYCHHC], NYCHHC POLICE OFFICER
[NYCHHC P.O.] CASSIUS BEST, NYCHHC P.O. ALFONSO ANGUS,
NYCHHC P.O. REGINAL MASSEY, NYCHHC P.O. TRAYVONNE
MAXWELL, NYCHHC P.O. CECILIO NEMBHARD, NYCHHC P.O. STEPHEN
HAMILTON, NYCHHC P.O. JORDAN SMITH BEY, NYCHHC P.O. VIVIAN
TAYLOR, NYCHHC P.O. DEAN ADAMS, NYCHHC P.O. "JENKINS,"
NYCHHC LIEUTENANT VALMON DAWSON, NYCHHC SERGEANT KEVIN
FLUNORY, NYCHHC POLICE PERSONNEL JOHN DOES 1-5, SO NAMED AS
THEIR IDENTITIES HAVE YET YO BE ESTABLISHED, NEW YORK CITY
POLICE OFFICER JANE DOE, SO NAMED AS HER IDENTITY HAS YET TO
BE ESTABLISHED,

Defendants.

**ANSWER TO AMENDED COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, New York City Health and Hospitals*
*Corporation and Best*
*100 Church Street Rm 3-188*
*New York, New York  10007*

*Of Counsel: Gabriel P. Harvis*
*Tel:  (212) 788-1816*
*NYCLIS No. 2007015506*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................ , 2008 . . .*

*............................................................Esq.*

*Attorney for..................................................*